**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CYNTHIA CARRUTHERS, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT   1:18-cv-03516 |
| DIVERSIFIED CONSULTANTS, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT**

NOW COMES Plaintiff, CYNTHIA CARRUTHERS, by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of Defendant, DIVERSIFIED CONSULTANTS, INC., as follows:

**NATURE OF THE ACTION**

1. This is an action brought by a consumer seeking redress for violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA")

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 with respect to Plaintiff's FDCPA claims.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims.

4. Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

## PARTIES

5. CYNTHIA CARRUTHERS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. DIVERSIFIED CONSULTANTS, INC. ("DCI"), a telecom-specific collection company, specializes in the bad debt recovery of wireless, landline, cable, satellite, utilities, and security arenas. It offers third party collection and pre-collection services; and resolves customers' delinquency and dispute issues. The company was founded in 1992 and is headquartered in Jacksonville, Florida. It has a satellite office in Portland, Oregon.

9. DCI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. DCI uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

11. DCI is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

12. In February, 2018, DCI initiated a collection campaign against Plaintiff in an attempt to collect defaulted consumer debt.

13. Almost immediately, Plaintiff answered and was received by silence then audible clicking, before he was connected to DCI's representative.

14. Specifically, Plaintiff experienced clear pause from when he said "hello," to when DCI's representative introduced them self. Plaintiff demanded that they stop calling.

15. Plaintiff expected to receive from DCI some sort of written communication. Months have passed without written correspondence from DCI.

16. Plaintiff's demand that they stop calling fell on deaf ears, as DCI continued to place (or cause to place) no less than 30 additional unconsented-to calls to Plaintiff including, but not limited to on:

    April 24, 2018 at 1:56 PM  April 27, 2018 at 2:13 PM
    April 26, 2018 at 11:48 AM  April 30, 2018 at 12:37 PM

17. Upon information and belief, DCI placed or caused to be placed the aforementioned calls to Plaintiff's cellular telephone using a predictive dialer[1].

18. At all times relevant, Plaintiff's number ending in 1676 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

19. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 1676.

20. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

## DAMAGES

21. DCI' collection calls have severely disrupted Plaintiff's everyday life and overall well-being.

22. DCI' collection calls have resulted in intrusion and occupation of Plaintiff's cellular services, thus impeding receipt of other calls.

---

[1] A predictive dialer is an outbound calling system that automatically dials from a list of telephone numbers. Like other types of autodialers (also called robodialers), predictive dialers call numbers automatically and can help agents screen for busy signals, voicemails, no-answers and disconnected numbers.

3

23. DCI' collection calls have resulted in unnecessary depletion of Plaintiff's cellular battery requiring him to incur electricity charges to recharge her cellular telephone.

24. DCI' phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, loss of subscribed minutes, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

25. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought counsel to file this action to compel DCI to cease its unlawful conduct.

## **CLAIMS FOR RELIEF**

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

26. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

27. Upon information and belief, the amount sought by Defendant is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. Upon information and belief, DCI is attempting to collect a debt used for "personal purpose" as defined by 15 U.S.C. § 1692a(5).

**Violation(s) of 15 U.S.C. §§ 1692d, and d(5)**

29. Section 1692d prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse in connection with the collection of a debt.

30. Section 1692d(5) prohibits a debt collector from causing a telephone to ring continuously with the intent to annoy, abuse, or harass.

31. DCI violated 15 U.S.C. § 1692d by placing or causing to be placed up to two-to-three collection calls daily to Plaintiff despite Plaintiff's demand that they stop.

32. DCI violated 15 U.S.C. § 1692d(5) by placing or causing to be placed up to two-to-three collection calls daily to Plaintiff despite Plaintiff's demand that they stop.

33. DCI violated 15 U.S.C. § 1692d by placing or causing to be placed no less than 30 collection calls to Plaintiff despite Plaintiff's demand that they stop.

34. DCI violated 15 U.S.C. §1692d(5) by placing or causing to be placed no less than 30 collection calls to Plaintiff despite Plaintiff's demand that they stop.

35. DCI's behavior of repeatedly placing or causing to be placed collection calls to Plaintiff was abusive, harassing, and oppressive.

**Violation of 15 U.S.C. § 1692g(a)**

36. Within five days of a debt collector's initial communication with a debtor (referred to in the FDCPA as a "consumer"), the debt collector must send the consumer a written "validation notice" setting forth, among other things, the consumer's right to dispute the debt. *See* 15 U.S.C. § 1692g(a).

37. DCI violated 15 U.S.C. § 1692g(a) by failing to send Plaintiff a written notice containing

    a. The amount of the debt;

    b. The name of the creditor to whom the debt is owed;

    c.    A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    d.    A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    e.    A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

within five days after the initial communication with Plaintiff in connection with the collection of the amount owed.

38.    Plaintiff may enforce the provisions of 15 U.S.C. §§1692d, d(5), and g pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1)    any actual damage sustained by such person as a result of such failure;

(2)

    (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

a.    find that DCI violated 15 U.S.C. §§ 1692d, d(5), and g;

b.    award any actual damage sustained by Plaintiff as a result of DCI's violation pursuant to 15 U.S.C. § 1692k(a)(1);

c. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

e. award such other relief as this Court deems just and proper.

## COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq.*)

39. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

40. DCI placed or caused to be placed non-emergency calls, including but not limited to the aforementioned calls, to Plaintiff's number ending in 1676 utilizing an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

41. In a 2003 declaratory ruling the Federal Communications Commission ("FCC") concluded that equipment which has the capacity to "store or produce numbers and dial those numbers at random, in sequential order, from a database of numbers" qualifies as an ATDS under the statute. 18 F.C.C.R. 14014, 14091-93 (2003).

42. In 2012, the FCC stated that a predictive dialer included "any equipment that has the specified capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." 27 F.C.C.R. at 15392 n. 5 (2012).

43. In its Order, the FCC "reiterate[d] that predictive dialers, as previously described by the commission, satisfy the TCPA's definition of an 'autodialer.'" *Id.*

44. Upon information and belief, based on the lack of prompt human response, DCI employed a predictive dialer to place calls to Plaintiff's cellular telephone.

45. Upon information and belief, the predictive dialer employed by DCI transfers the call to a live representative once a human voice is detected, hence the clear pause.

46. DCI violated the TCPA by placing no less than 30 calls to Plaintiff's cellular telephone from February, 2018 to present-day utilizing an ATDS without consent.

47. As a result of DCI's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to receive $500.00 in damages for each such violation.

48. As a result of DCI's *knowing and willful violations* of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to receive up to $1,500.00 in treble damages for each such violation.

WHEREFORE, Plaintiff requests the following relief:

a. find that DCI violated 47 U.S.C. § 227 *et seq.*;

b. enjoin DCI from placing calls to Plaintiff pursuant to 47 U.S.C. § 227(3)(A).

c. award statutory damages of $500.00 for each such violation pursuant to 47 U.S.C. § 227(3)(B);

d. award treble damages up to $1,500.00, for each such violation pursuant to 47 U.S.C. § 227(3)(C); and

e. award such other relief as this Court deems just and proper.

**Plaintiff demands trial by jury.**

May 17, 2018                                                                                   Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
**SULAIMAN LAW GROUP, LTD.**

2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Cynthia Carruthers*